**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
BEAUFORT **DIVISION**

| | | |
|---|---|---|
| Brian Austin Taylor, | ) | **Civil Action No. 9:20-cv-01688-RMG** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| H. Lee; H. Stanley; R. Brown; | ) | **ORDER AND OPINION** |
| K. Jones; Dr. Patotto, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon the Report and Recommendation ("R &R") of the Magistrate Judge recommending the Court dismiss Plaintiff's case for lack of prosecution. (Dkt. No. 32). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

I. Background

On July 30, 2020, Defendants R. Brown and K. Jones filed a motion to dismiss (Dkt. No. 25) and Defendants Patotto, H. Lee and H. Stanley filed motions for summary judgment seeking dismissal of the case. (Dkt. Nos. 26; 27). On July 31, 2020, the Court entered a *Roseboro Order*, which was mailed to Plaintiff. (Dkt. Nos. 29; 30). The *Roseboro Order* advised Plaintiff of the significance of a dispositive motion and that he was required to file a response to the motions. Plaintiff was advised that if he failed to file a properly supported response, Defendants' dispositive motions may be granted and end his case. Plaintiff's deadline to respond to Defendants' dispositive motions was August 31, 2020. Plaintiff did not file a response. On September 28, 2020, the Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's case for failure to prosecute. (Dkt. No. 32). The matter is ripe for the Court's review.

**II.** Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Defendant has not filed objections in this case and the R & R is reviewed for clear error.

**III.** Discussion

Upon a review of the R & R, the Court finds the Magistrate Judge correctly determined that Plaintiff's case is subject to dismissal for failure to prosecute. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). *See also Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), FED. R. CIV. P. The Magistrate Judge issued an Order that was mailed to Plaintiff explaining that Plaintiff was required to file a response to Defendants' dispositive motions, or Defendants' dispositive motions may be granted and end his case. (Dkt. Nos. 29;30). The deadline for Plaintiff to file a response to Defendants' dispositive motions was August 31, 2020.

As Plaintiff has not filed a response to Defendants' dispositive motions, his case is dismissed for lack of prosecution.

## IV. Conclusion

For the reasons stated above, the Court adopts the R & R (Dkt. No. 32) as the Order of the Court and Plaintiff's case is **DISMISSED** for lack of prosecution.   **AND IT IS SO ORDERED**.


　s/Richard Mark Gergel　　　　　
Richard Mark Gergel
United States District Judge

October 19, 2020
Charleston, South Carolina